IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SUSAN S. VIGEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION FILE NO. |
| | * | 4:02-CV-118-1 (CDL) |
| AFLAC INCORPORATED, | * | |
| | * | |
| Defendant. | * | |

MOTION TO COMPEL DISCOVERY AND FOR
EXPENSES AND MOTION FOR PROTECTIVE ORDER

COMES NOW SUSAN S. VIGEN, PLAINTIFF, in the above-styled matter, pursuant to Federal Rule of Civil Procedure 37, files this Motion to Compel Answers to Discovery against the Defendant, AFLAC INCORPORATED and Motion for Protective Order and shows the Court as follows:

1.

Plaintiff served defense counsel with a copy of Plaintiff's First Interrogatories and Requests for Production of Documents and Things to Defendant on November 25, 2002. On January 13, 2003, Defendant served its answer to Plaintiff's Interrogatories and Requests for Production of Documents, objecting to answering, and/or producing, certain information which was requested by Plaintiff. (Ex. A & B)

2.

(a)   In Interrogatory No. 6, Plaintiff asked for every reason for which Plaintiff's employment was terminated; giving all facts relied upon in making such decision, and giving the

names, addresses and telephone numbers of each person who participated in any way in making the decision.

(b)    In Interrogatory No. 7, Plaintiff asked for the person(s) who assumed any or all of Plaintiff's responsibilities and duties with defendant after her termination, please give their name, sex, race, age, and date of hire with defendant, the date of assignment to the duties and responsibilities previously held by Plaintiff, and the name of each supervisor or other managerial official who made that assignment.

3.

On January 13, 2003, Defendant objected to Interrogatories No. 6 & 7 on the grounds of relevancy, arguing that Plaintiff's lawsuit contained no claim of employment termination, even though Defendant was well aware of the fact that it had terminated Plaintiff on October 31, 2002, that Plaintiff had filed an EEOC charge of retaliationregarding her termination, and that Plaintiff intended to amend her complaint to add the unlawful, retaliatory termination claim as soon as she received her notice of right to sue from the EEOC. On February 18, 2003, Plaintiff's counsel wrote to Defendant's counsel in a good faith effort to obtain answers to said discovery requests and to obtain the documents in light of Plaintiff having filed her motion to amend complaint to add claims regarding her termination. (Ex. C) Defendant still refused to produce discovery responses.

4.

Plaintiff subsequently filed her Second Amended Complaint on March 27, 2003 adding her claim for unlawful termination. Plaintiff's counsel again wrote defense counsel on April 3, 2003,

asking Defendant to supplement its interrogatory responses. (Ex. D). Defense counsel responded on April 4, 2002 and again refused to respond to discovery. (Ex. E)

5.

On May 14, 2003, Plaintiff counsel again wrote defense counsel asking defense counsel to respond to outstanding discovery and to provide Defendant's Rule 26 Initial Disclosures, which had never been provided. (Ex. F) On May 16, 2003, Plaintiff counsel received Defendants' Second Supplemental Responses to Plaintiff's First Interrogatories in which Defendant merely refers Plaintiff to her personnel file that had been previously produced. (Ex. G) However, these documents do not fully answer the questions Plaintiff propounded in her First Interrogatories regarding her termination.

6.

Since the Defendant has not fully complied with discovery, including failing to fully answer Interrogatories Nos. 6 & 7, as well as Interrogatories Nos. 5, 8, 9, 16 and 17, Plaintiff requests that Defendant be ordered to fully respond to these Interrogatories.

7.

Furthermore, Defendant has noticed Plaintiff for her deposition for May 21, 2003. Plaintiff asks for protection from the court from being forced to appear for a deposition until such time as Defendant fully responds to Plaintiff's outstanding discovery, including critical, basic information about Defendant's termination of Plaintiff's employment.

8.

Plaintiff further shows that she has incurred additional expenses for having to file this Motion to Compel Discovery, for which Defendant should be responsible.

THEREFORE, Plaintiff respectfully moves that this Court:

THEREFORE, Plaintiff respectfully moves that this Court:

a)  Issue a hearing setting a time for hearing and requiring Defendant to appear and show cause why Plaintiff's requests should not be granted;

b)  Order Defendant to fully respond to Plaintiff's Interrogatories, as requested herein;

c)  Grant Plaintiff protection from being forced to appear at a deposition until such time as Defendant fully complies with outstanding discovery;

d)  Order Defendant to pay to Plaintiff reasonable expenses incurred in obtaining this Order, including attorney's fees; and

e)  Grant Plaintiff such other and further relief as this court deems just and appropriate.

Respectfully submitted, this 19th day of May, 2003.

BUNN, BYRD, NEWSOM & HIX

_____
Gwyn Newsom-Bunn
Georgia State Bar No. 541450
Attorney for Plaintiff

215 9th Street - P. O. Box 629
Columbus, GA  31902-0629
(706) 324-4900